**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:13-CV-574**

| | |
|---|---|
| **JESUS RAYA TORRES**, | ) |
| Plaintiff, | ) |
| v. | ) |
| **ADM MILLING COMPANY**, | ) **ORDER** |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| **CICA, INC. AND BUILDERS MUTUAL INSURANCE COMPANY**, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Third-Party Plaintiff ADM's Motion to Compel Third-Party Defendant Builders Mutual Insurance Company to produce documents, (Doc. No. 42), Third-Party Defendant Builders Mutual's Motion to Compel ADM Milling Co. to Produce Documents, (Doc. No. 44), and Builders Mutual's Amended Motion to Enforce Subpoena *Duces Tecum* to Allen C. Smith. (Doc. No. 50). For the reasons set forth below, ADM's Motion is **GRANTED** in part and **DENIED** in part, and Builders Mutual's Motions are both **DENIED**.

## I. BACKGROUND

Plaintiff Jesus Torres brought this case against ADM Milling Co. alleging various negligence claims associated with an injury sustained while working at an ADM facility in Charlotte, North Carolina. ADM subsequently filed a third-party complaint against CICA, Inc., Torres' employer, alleging that CICA breached a contract with ADM that required CICA to indemnify ADM for Torres' claims and to procure commercial liability insurance for ADM's

benefit. (Doc. No. 5). CICA is insured against liability by Builders Mutual Insurance Company ("Builders Mutual"). (Doc. No. 43 at 2). On March 3, 2014, ADM filed an amended third-party complaint that asserted claims against Builders Mutual for breach of contract and declaratory judgment. (Doc. No. 18). That complaint alleged that Builders Mutual breached its insurance contract with CICA by failing to indemnify ADM in this suit, and that ADM is or should be an additional named insured on CICA's liability policy. Builders Mutual answered the complaint on June 17, 2014. (Doc. No. 26). On April 22, 2014, the parties conducted a mediated settlement conference and settled Torres' claims. (*See* Stipulation of Dismissal, Doc. No. 25). Thus, the only remaining claims are those asserted by ADM against CICA and Builders Mutual.

ADM filed a Motion for Leave to File Second Amended Third-Party Complaint, (Doc. No. 29), and this Court granted the motion. (Doc. No. 34). ADM filed the Second Amended Third-Party Complaint on March 3, 2014, adding claims against Builders Mutual for common law bad faith and unfair and deceptive trade practices. (*See* Doc. No. 29-1). Builders Mutual filed an answer to the new claims on February 6, 2015. (Doc. No. 37). Discovery commenced, and the parties served the requests at issue in these Motions.

## II. LEGAL STANDARD

Work-product protection is determined by federal law.[1] *See Ring v. Commercial Union Ins. Co.*, 159 F.R.D. 653, 656 (M.D.N.C. 1995). "Work product protection only shields the documents produced in anticipation of litigation, not the facts." *Id.* at 657. The party seeking

---

[1] ADM argues that state law governs work-product protection under Fed. R. Evd. 501. (Doc. No. 56 at 5–6). This is a misreading of Rule 501. *See Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Companies*, 123 F.R.D. 198, 201 (M.D.N.C. 1988) ("Decisions concerning work product are not governed by Federal Rules of Evidence 501 which mandates the application of state law with respect to determination of testimonial or evidentiary privileges in diversity cases. . . . Work product is not a privilege within the meaning of Rule 501.").

protection has the burden of establishing that the documents sought were "prepared in anticipation of litigation or for trial by and for the party or the party's representative." *Id.* at 656. However, even if litigation was anticipated, "documents prepared in the regular course of business will not merit protection." *Id.* Insurance claim files may be prepared in the regular course business and in anticipation of litigation. *Id.* When considering whether insurance claim files are protected, courts have held that "a reasonable possibility of litigation only arises after an insurance company has made a decision with respect to the claim of its insured." *Id.* "When an insurer seeks to argue that the threat of litigation appeared at an earlier time, it must bear the burden of persuasion by presenting specific proof demonstrating a resolve to litigate." *Id.*

Work-product privilege is not absolute. A party may discover documents protected by the work-product doctrine if it is able to demonstrate "it has substantial need for the materials to prepare its case and cannot without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Courts have found that when an insurance company is sued for indemnification following a settlement, an exception to Rule 26(b)(3) may apply, but only when the protected materials relate to whether a party met the obligations of the insurance policy at issue. *See, e.g.*, *Truck Ins. Exch. v. St. Paul Fire & Marine Ins. Co.*, 66 F.R.D. 129, 131 (E.D. Pa. 1975).

> As to attorney-client privilege, under North Carolina law, attorney-client privilege exists
>
> if "(1) the relation of attorney and client existed at the time the communication was made, (2) the communication was made in confidence, (3) the communication relates to a matter about which the attorney is being professionally consulted, (4) the communication was made in the course of giving or seeking legal advice for a proper purpose, although litigation need not be contemplated, and (5) the client has not waived the privilege."

*State v. McIntosh*, 336 N.C. 517, 523–24, (1994) (quoting *State v. Murvin*, 304 N.C. 523, 531 (1981)); *see also Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 32, (2001). However,

communications from counsel are only privileged under the attorney-client privilege doctrine if they consist of legal advice. *See McIntosh*, 336 N.C. at 523–24. "Although an attorney may assert the privilege when necessary to protect the interests of the client, the privilege belongs solely to the client." *In re Miller*, 357 N.C. 316, 337 (2003); *see also Hulse v. Arrow Trucking Co.*, 161 N.C. App. 306, 310 (2003).

### III. DISCUSSION

#### A. ADM's Motion to Compel

ADM files the instant Motion to Compel against Builders Mutual seeking production of the following documents:

> Request No. 1: A complete copy of your claims file relating to claim no. CPP001011626 (as referenced in the October 9, 2013 letter from Carl Warbington to ADM Milling Company).
>
> Request No. 6: All documents relating to any investigation conducted by Builders Mutual insurance company or on its behalf in response to claims made by Jesus Raya Torres, CICA, Inc., or ADM Milling Company relating to Mr. Torres' accident on April 3, 2012.

(Doc. No. 42 at 1). ADM argues the documents are relevant to ADM's claims for coverage and bad faith. Builders Mutual argues that (1) producing the documents would compromise its defense of CICA[2], (2) the documents are protected by attorney-client or work produce privilege, and (3) ADM has not produced sufficient evidence regarding its claim of bad faith to warrant disclosure.

Builders Mutual further argues the claim file is protected from discovery by the doctrine of work-product privilege. ADM sent CICA a demand letter on July 18, 2013, informing CICA

---

[2] Builders Mutual argues at length that disclosure of its claim file would compromise its defense of CICA against ADM's breach of contract claim and would unfairly prejudice both CICA and Builders Mutual. (Doc. No. 53 at 4). If Builders Mutual would like to challenge the inclusion of the bad faith claim in the instant action, it may file a motion to dismiss. As the foregoing explains, the majority of the claim file is protected by work-product privilege, so the argument regarding prejudice is not critical to the success or failure of ADM's Motion to Compel. Therefore the Court will not rely on Builders Mutual's argument regarding potential prejudice as a basis for denying ADM's Motion to Compel.

that Plaintiff Torres filed an insurance claim and that ADM had retained an attorney to represent its interests. (Doc. No. 35-7 at 2). The letter also notified CICA of its obligations to defend and indemnify ADM under the "Contractor's Agreement" the two parties signed, and requested that CICA fulfill the obligations. (*Id.* at 2–3). The Court reviewed the demand letter and the parties' arguments on this point, and finds that the letter is sufficient evidence to support Builders Mutual's claim that its investigation of the incident was done in anticipation of litigation. As a result, the Court finds that the claim file is generally protected by the work-product doctrine.

ADM argues that the file contains a report regarding the facts of the accident drafted by an independent adjuster, and that it should be entitled to discover the report as facts are not protected by the work-product doctrine. (Doc. No. 44 at 4). A deposition of a Builders Mutual employee indicates that the report "did not draw conclusions about the coverage but was an investigation of the facts." (*Id.*). ADM is correct that the work-product doctrine does not protect facts alone. *See Ring*, 159 F.R.D. at 657. The independent investigator's report is also not subject to the attorney-client privilege because it is not a communication between an attorney and a client. *See McIntosh*, 336 N.C. at 523–24. Therefore, the Court finds that the independent investigator's report is not protected and is discoverable, and Builders Mutual will be required to produce it.

### B. Builders Mutual's Motion to Compel and Motion to Enforce Subpoena *Duces Tecum*

Builders Mutual filed a Motion to Compel Production of Documents, specifically seeking the entire file of ADM's tort counsel, Allen C. Smith, relating to Plaintiff Torres' suit and settlement. The motion arises out of the following document requests:

> 10. All documents evidencing ADM's reliance, if any, on BMIC's original position(s) that 'changed,' as alleged in paragraph 88 of the Complaint.
>
> 11. All documents evidencing any fact(s) supporting the allegation in paragraph 89 of the Complaint that "ADM acted in good faith by mitigating its damages and settling the case with Tones (sic)."

> 12. All documents evidencing any fact(s) supporting the allegations in paragraph 90 of the Complaint that "Builders Mutual has knowingly, maliciously and in 'bad faith' refused to indemnify ADM or effect a settlement in the underlying Torres action."

(Doc. No. 44 at 1). ADM responded to the three requests at the time they were lodged. (*See* Doc. No. 44–1 at 3).

Builders Mutual contends that Smith's file is contemplated by the three requests, and that the file is relevant to ADM's allegations against Builders Mutual. (Doc. No. 44 at 2). Builders Mutual is correct that the counsel's file is relevant to the matter at hand, but because attorney files are not ordinarily within the scope of discovery and are protected by attorney-client privilege, the Court only considers whether ADM waived its attorney-client privilege with regards to the contents of the file.

Builders Mutual argues ADM waived any privilege objection to producing the counsel's file because it did not lodge any objections to the discovery requests at the time it answered them. (*Id.*). ADM argues that attorney files are not normally contemplated by routine document requests and therefore it did not need to object in order to preserve attorney-client privilege. (Doc No. 57 at 2). The Court agrees with ADM. As a result, Builders Mutual's Motion to Compel cannot be granted on grounds that ADM waived its attorney-client privilege by failing to object.

Builders Mutual further argues that by producing an email sent by Smith to company management, ADM waived attorney-client privilege with regards to the email and its subject matter. (Doc. No. 44 at 11). The email in question states facts regarding an alleged verbal agreement between Smith and Builders Mutual's counsel. (*See* Doc. No. 44 at 12). Facts are not privileged, and thus privilege cannot be waived by producing

communications that contain merely facts. *See Evans*, 142 N.C. App. at 32. As a result, ADM did not waive its attorney-client privilege by producing the email. Therefore Smith's file is still protected by attorney-client privilege, and the Court must deny Builders Mutual's Motion to Compel.

Builders Mutual also files a Motion to Enforce Subpoena *Duces Tecum* against Smith, (Doc. No. 46 at 1), and subsequently filed an Amended Motion. (Doc. No. 50). The subpoena seeks "all correspondence, discovery, reports, evaluations, and other pleadings and documents comprising your entire file in this matter, i.e. the claim filed by Jesus Raya Torres." (*Id.* at 1). Smith timely objected by email to the request, arguing that the subpoena fails to allow a reasonable time to comply, requires disclosure of privileged or other protected matter, subjects him to undue burden, and is overly broad and not reasonably calculated to lead to discover of admissible evidence. (Doc. No. 51 at 6).

Builders Mutual argues at length that Smith waived privilege with regards to the file by failing to object properly to the subpoena. (Doc. No. 50 at 8). Builders Mutual maintains that under Rule 5(b)(2) "a discovery paper may only be served electronically where the person to be served has consented in writing." (*Id.*) ADM counters that use of email "is consistent with the practice of all counsel in this case." (Doc. No. 56 at 3). As a result, the Court accepts Smith's objections as valid.

Builders Mutual again argues that ADM waived its attorney-client privilege and as a result Smith cannot claim that his file is privileged. For reasons already stated, Builders Mutual's arguments that ADM waived its attorney-client privilege are unavailing.[3] Because the file is still

---

[3] The Court notes that Builders Mutual also argues that ADM waived the work-product doctrine privileges with regards to Smith's file because the documents inside the file are central to Builders Mutual's defenses. (Doc. No. 51 at 13). It supports this argument by erroneously relying on *Charlotte Motor Speedway, Inc. v. Int'l Ins. Co.*, where the court held that an exception to Fed. R. Civ. P. 26(b)(3) was warranted when evidence of counsel actions was

protected by attorney-client privilege, Smith cannot waive privilege on behalf of ADM and supply Builders Mutual with the file. *See In re Miller*, 357 N.C. at 337. As a result, to the extent it violates attorney-client privileges, Builders Mutual's Motion to Enforce Subpoena *Duces Tecum* must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** in part ADM's Motion to Compel, (Doc. No. 42), against Builders Mutual with regards to the insurance claim file, and **GRANTS** the Motion only with regards to the accident report prepared by the independent investigator. It **DENIES** Builders Mutual's Motion to Compel against ADM for documents related to its tort counsel's file, (Doc. No. 44), and **DENIES** Builders Mutual's Amended Motion to Enforce Subpoena *Duces Tecum*, (Doc. No. 50) against Smith.

**SO ORDERED.**

Signed: July 17, 2015

*[signature]*

Graham C. Mullen
United States District Judge

---

necessary to determine whether a party met the obligations of an insurance policy. *See* 125 F.R.D. 127, 130–31 (M.D.N.C. 1989). This case is not relevant to the instant action, because Builders Mutual does not allege that ADM or CICA did not fulfill its obligations under the insurance policy. Builders Mutual has otherwise failed to meet the burden imposed by Fed. R. Civ. P. 26(b)(3) on parties who seek to pierce the work-product doctrine protections.